EDWARDS WILDMAN PALMER LLP
One Giralda Farms
Madison, NJ 07940
Tel. (973) 520-2300
Fax (973) 520-2600
Attorneys for Defendant,
GlaxoSmithKline LLC d/b/a GlaxoSmithKline

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOSEPH CAPPELLINO,

              Plaintiff,

vs.

GLAXOSMITHKLINE, LLC d/b/a
GLAXOSMITHKLINE, JOHN DOES 1
through 10; and ABC CORPORATIONS 1
through 10,

              Defendants

CIVIL ACTION NO.:
HONORABLE _____

**DEFENDANT'S NOTICE OF REMOVAL**

**TO:**    United States District Court, District of NJ
        Clerk's Office
        Martin Luther King Building
        & U.S. Courthouse
        50 Walnut Street Room 4015
        Newark, NJ 07101

MADAM / SIR:

Defendant GlaxoSmithKline LLC, (improperly pled as GlaxoSmithKline, LLC)

(hereinafter "Defendant" or "GSK"), by and through undersigned counsel, hereby gives Notice

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the Removal of this action from the Superior

Court of New Jersey, Law Division Morris County, to the United States District Court for the

District of New Jersey, and in support thereof state as follows:

1

## STATE COURT ACTION

1.      On or about June 14, 2013, plaintiff Joseph Cappellino (hereinafter "Plaintiff" or "Cappellino") filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division Morris County, styled *Joseph Cappellino v. GlaxoSmithKline, LLC d/b/a GlaxoSmithKline,* Docket No. MRS-L-001643-13.  On July 22, 2013, Defendant GSK accepted service of the Summons and Complaint.  A true and correct copy of the Summons, Complaint, and Civil Case Information Statement are attached as **Exhibit A.**

2.      In this lawsuit, Plaintiff, a former Regional Sales Director, has alleged, inter alia, breach of contract, unlawful discrimination and violations of New Jersey Law Against Discrimination, the New York City Human Rights Laws and the New York State Human Rights Laws.

## DIVERSITY JURISDICTION

This Court has subject matter jurisdiction in this case based upon diversity of citizenship. **See** 28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. **Id.** § 1332(a)(b).

### A.      CITIZENS OF DIFFERENT STATES

3.      First, complete diversity of citizenship exists between Plaintiff and Defendant.

4.      At the time of the filing of the Complaint, and at the time of removal, Plaintiff was, and is, a resident of the State of New York. **Exhibit A, ¶ 1.**

5.      Defendant is a Delaware Limited Liability Company, having no members of the LLC in New Jersey or New York. Its sole member is a citizen of Delaware. For the purposes of determining diversity of citizenship, a limited liability company's citizenship is based on the

2

citizenship of all of its "members." See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3rd Cir. 2010); Brauser Real Estate, LLC v. Meecorp Capital Markers, LLC, 2012 W.L. 1079540 at *3 (D. N. J. 2012); **Exhibit B**  Glenda Johnson; Steven Lucier v. SmithKline Beecham Corporation, doing business as GlaxoSmithKline; GlaxoSmithKline, LLC; GlaxoSmithKline Holdings LLC; Sonofi-Aventis, U.S. LLC; Avantor Performance Materials; Grunenthal U.S.A.; Grunenthal GMBH 12-2561, 2013 WL 2456043 (3d Cir. June 7, 2013) **Exhibit C.**

6.       Therefore, there is complete diversity of citizenship between the parties, as plaintiff is a citizen of New York and Defendant is a citizen of Delaware.

### B.    AMOUNT IN CONTROVERSY

7.       For purposes of removal *only*, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, based upon Plaintiff's annual salary and alleged damages.   In his complaint, Plaintiff requests lost wages, bonuses, severance pay, various monetary benefits, compensatory damages, punitive damages, attorneys' fees and ancillary damages. **Exhibit A**, WHEREFORE clause.

8.       At the time of his termination on December 7, 2012, Plaintiff's annual salary was in excess of $75,000 and he was also entitled to a variety of benefits.  That salary combined with the alleged compensatory damages and damages associated with plaintiff's claims for stock options and other benefits and lost wage damages claims would easily exceed the $75,000 jurisdictional threshold.

9.       Plaintiff also seeks an award of punitive damages which may be aggregated for removal purposes with claims for compensatory damages. See Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3rd. Cir. 2004).  Attorney's fees are also included for determining the amount

in controversy requirement. <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 585 (3d Cir.1997). It is possible for punitive damage awards to run into the six figures. <u>See</u> <u>Rendine v. Pantzer,</u> 141 N.J. 292, 297, 313-17 (1995) (upholding punitive damage awards of $250,000 and $250,000 to two plaintiffs); <u>See, e.g.,</u> <u>Jones v. South Jersey Gas</u>, 2009 WL 4878535 (N.J. Super., Law Div. July, 2009) ($750,000 punitive damages award in NJLAD disability discrimination action); <u>Peterson-Smith v. N.J. Transit,</u> 2004 WL 6033295 (N.J. Super., Law Div. 2004) ($200,000 punitive damages award in NJLAD racial discrimination action).

10.     Thus, the amount in controversy in this action exceeds $75,000. <u>See</u> <u>Granovsky v. Pfizer, Inc.</u>, 2009 WL 1940765 at *9 (D.N.J. 2009) ("Facially, plaintiff's complaint established that it is more likely than not that the claimed damages would exceed $75,000.00 if plaintiff were successful.").

### TIMELINESS OF NOTICE OF REMOVAL

11.     Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1446(b) since it files this Notice within thirty (30) days from the first date Defendant received the Summons.

12.     Pursuant to 28 U.S.C. § 1446(d) Defendant has contemporaneously caused to be filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division Morris County, and served a written notice of this filing on counsel for Plaintiff. Copies of the Notice filed with the Superior Court of New Jersey, Law Division Morris County and the Notice to Plaintiff, are attached hereto as **Exhibit D.**

### RELIEF REQUESTED

13.     For the foregoing reasons, Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and

issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully Submitted,

Edwards Wildman Palmer LLP
One Giralda Farms
Madison, New Jersey 07940
Attorneys for Defendant

Dated:  August 7, 2013

By: s/ Paulette Brown
    PAULETTE BROWN

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2013, I filed the within Defendant's Notice

of Removal with attached exhibits by CM/ECF, and served a true and correct copy of the same

via Federal Express Overnight Mail upon the following:


TO:    Reppert Kelly, LLC
       120 Mountain View Boulevard
       P. O. Box 509
       Basking Ridge, New Jersey 07920
       *Attorneys for Plaintiff*

       Morris County Superior Court
       Washington & Court Streets
       Morristown, NJ 07960-0910

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements by me are willfully false, I am subject to punishment.


                                        s/ Paulette Brown
                                        Paulette Brown